## Mansfield, Appellant, *v.* Mansfield.

*Trusts and trustees—Surcharge—Action.*

. In an action by a trustee against the executors of a co-trustee to recover one-half of a surcharge made by the orphans' court against the trustees, the plaintiff cannot recover if he fails to show the payment of the surcharge out of his own funds.

Argued Oct. 16, 1906.    Appeal, No. 136, Oct. T., 1906, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1903, No. 2,093, for defendant non obstante veredicto in case of Job R. Mansfield v. Harry K. Mansfield, Susie G. Mansfield and John Cooper, Executors of the will of John H. Mansfield, deceased.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER.    Affirmed.

Assumpsit to recover one-half of a surcharge.    Before BEITLER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Samuel H. Kirkpatrick*, with him *William H. R. Lukens*, for appellant.—As co-trustees are in the position of co-sureties, with respect to contribution, it follows that all the trustees, together with their privies in estate, their personal representatives, are concluded by the decree of the orphans' court unless they appeal.    In this case the personal representatives of John H. Mansfield had the right to appear and object to the decree, and they cannot be said to have been without notice, even if it were required, because Harry H. Mansfield, one of the defendants, as the record shows, was personally present and represented by counsel at the audit: Schwan v. Kelly, 173 Pa. 65 ; Taylor v. Cornelius, 60 Pa. 187.

The record of the orphans' court shows that Job R. Mansfield and John H. Mansfield, co-trustees, neglected to collect rent due the trust estate to the net amount of $882.72, for which both were alike held accountable and surcharged, and

also that this surcharge was made good to the trust estate by the means of credits for expenditures made in its behalf by one trustee, Job R. Mansfield, the appellant, alone.

The appellant is entitled to recover from the estate of his co-trustee one-half of the loss sustained by appellant in consequence of the surcharge: Bacon v. Camphausen, 58 Law Times Rep. 851; Chillingworth v. Chambers, L. R. [1896] 1 Ch. Div. 685; Robinson v. Harkin, L. R. [1896] 2 Ch. Div. 415; Armstrong County v. Clarion County, 66 Pa. 218; Pearson v. Skelton, 1 Meeson & Welsby, 504.

*James McMullan*, with him *Henry S. Drinker, Jr.*, for appellee.

OPINION BY BEAVER, J., November 19, 1906:

Plaintiff and defendants' testator were executors of, and joint trustees under, the will of their brother, C. C. Mansfield. They filed a joint account in the orphans' court of Philadelphia county, showing a small balance due the estate. A second account was filed by the surviving trustee in 1899, after the death of the defendants' testator, as the "second account of John H. and Job R. Mansfield, trustees under the will of Charles C. Mansfield, as stated by Job R. Mansfield, the surviving trustee." Upon exceptions to this account and an adjudication by the orphans' court, various surcharges were made, amounting in all to $882.72, and, in the final adjudication and restatement of the account by the orphans' court, a balance is found to be due the trustee of $29.18, "to be paid to the trustee out of the income to be collected and hereafter accounted for."

The action here is in assumpsit, by the plaintiff, to recover from the defendants the one-half part of the surcharge made by the orphans' court against the co-trustees of $882.72, together with an amount of $67.40, alleged by the plaintiff to have been received by the defendants' testator in goods from a tenant of the real estate, belonging to the estate of which they were joint trustees, and which had not been accounted for.

Upon the trial, the defendants, "moved for a nonsuit on the ground that the record does not show that the plaintiff has paid in the surcharge." This was a distinct notice to the plaintiff that the defendants required him to show that he had ac-

tually paid the amount of the surcharges, the one-half of which he sought to recover from the estate of the defendants' testator.

At the end of the trial the case was fairly submitted to the jury, as to the facts in controversy, and a verdict was found for the plaintiff for $617.90. Subsequently, upon exceptions filed and a motion for judgment, non obstante veredicto, the court entered judgment for the defendant, stating, as the reason therefor: "While the orphans' court, upon the adjudication of the account of the trustees under the will of Charles C. Mansfield, as stated by Job R. Mansfield, surcharged them with the sum of $882.72, there was no evidence presented on the trial to prove that the plaintiff had in fact paid the surcharge or was in anywise injured thereby.

"In the absence of such evidence, the defendants were entitled to have had their point for binding instructions affirmed."

A careful examination of the testimony given at the trial fails to show even an effort on the part of the plaintiff to prove that he had actually paid the amount sought to be recovered from the defendants, as the one-half of the surcharge made by the orphans' court against the trustees jointly.

The effort is made by the plaintiff to argue from the record of the orphans' court, that the surviving trustee had paid the amount of this surcharge, because, in the final adjudication the orphans' court found the estate indebted to the trustee to the amount of $29.18, but that the surviving trustee paid this amount out of his own pocket does not appear in the adjudication, and it is mere inference that such was the case. In order to enable him to recover, it was necessary for him, by affirmative, substantive proof, to show the payment of the surcharge out of his own funds. The burden was upon him to do so, and, having failed even to make an effort in this direction, we can see no error in the action of the court in entering judgment for the defendant, non obstante veredicto.

Judgment affirmed.